Haight, J.
The evidence is undisputed that the plaintiff and defendant were husband and wife, and that they ceased to live together in the year 1876; that the defendant took a house on Main street in the village of Penn Yan, nearly opposite of the residence of William Sheldon and has since continued to reside there; that during that time she has been supported by Sheldon, who has visited her house two or three times per day during most of that period, taking to her provisions and usually spending his evenings with her; that in the evenings the door was fastenedluid the windows so closed as to make the light within not observable without; that he usually stayed until about nine or half-past nine o’clock in the evening and on some occasions had been there until one and two o’clock in the morning and on the occasions of three different fires had been at her house at all times of the night, back and forth quieting her fears; that defendant and Sheldon’s wife did not visit together; that she had no means of support other than that furnished by Sheldon, and he admits that he has taken a considerable interest in her welfare and had it at heart and that he has been locked in a room alone with her when her child was there and when it was not there, and she admits that she loved Sheldon as a brother. There is controverted evidence to the effect that Sheldon was seen by a neighbor upon the walk in the front of the defendant’s house in the evening; that he then passed by but shortly after returned and entered the house; that after remaining in the house a while he opened the door and the neighbor whistled; that thereupon he closed the door and after a while again opened it and the neighbor made other noise; that thereupon the door was again closed, and the same was repeated at intervals for half a dozen times; that he remained as late as two or three o’clock in the morning when he finally came out and went across the street to his own home.
We are not inclined to interfere with the finding of the referee that the defendant “ on divers days and times during the six years before the commencement of this action committed adultery with one William Sheldon at her residence on Main street in the village of Penn Yan, N. Y.” But the referee has also found as a fact that during all this time she was living in open adultery with Sheldon at her residence. If this latter finding is permitted to stand then there is a serious question as to the right of the plaintiff to recover, for he concedes in his testimony that he had heard *179 of Sheldon’s going to her house as early as the winter of 1876 and after he had moved to South Bend, Indiana, under date of January 20th, 1879, he writes Sheldon for $300 and urges that it be sent to him stating that he has reason to believe that Sheldon would prefer that he would remain away from Penn Yan and give up his claims to the defendant to him, Sheldon. He then proposes in his letter that if the money is sent that he will sign a paper giving up all claims upon her and, that such paper would be better than a divorce for her. It is thus quite apparent that he understood the relation existing between the defendant and Sheldon at this time.
Eule 73, among other things, provides in substance that a judgment shall not be rendered for a divorce unless it appear that five years have not elapsed since the discovery of the fact that such adultery had been committed; that is, the adultery charged in the complaint; and also where at the time of the offense charged the defendant was living in adulterous intercourse with the person with whom the offense is alleged to have been committed, that five years have not elapsed since the commencement of such adulterous intercourse was discovered by the plaintiff. The latter clause of the rule has reference to cases where the parties are living together in adulterous intercourse; and if the latter clause of the finding of the referee to which we have referred is to be sustained, then there is evidence tending to show that he had discovered such intercourse more than five years before the commencement of this action. But it may be said on behalf of the plaintiff that the evidence does not sustain this finding of fact by the referee; that the evidence is undisputed that Sheldon during all this time has lived with his own wife in his own residence and has not lived with the defendant at all, and that under section 1758 of the Code he is only required to show that the action was commenced within five years after the discovery of the offense charged in the complaint. The plaintiff, however, has not appealed, and we do not see how he can urge that the report is against the evidence or that it should be disregarded. But, however that •may be, we are of the opinion that a new trial must be granted for still another defect appearing in the referee’s report.
The answer charges adultery on the part of the plaintiff with various women. Two women testify to having had adulterous intercourse with him. They are corroborated by the testimony of two other witnesses, and yet the referée in his report has failed to find upon the question of the plaintiff’s adultery. True, he comments upon it in his opinion, but his opinion is not a part of the record and can *180 not be treated as such. Section 1758 of the Code provides that the plaintiff is not entitled to a divorce, although the adultery of the defendant is established where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce. His adultery having been charged in the answer, it became an issue necessary to be determined by the trial, and under this provision of the Code the court is prohibited from granting a divorce to the plaintiff if he is also guilty of adultery.
It follows that the court cannot award judgment until this issue is determined, and we cannot assume that the conclusion of law found by the referee, to the_ effect that the plaintiff is entitled to judgment, is a finding of this issue in the negative.
This question was passed upon in the first department in the case of Price v. Price (9 Abbot [N. S.], 291), and forms a precedent which we think should be followed.
The judgment should be reversed and a new trial ordered before another referee, costs to abide the final award of costs.
So ordered.
Smith, P. J., and Barker, J., concur; Bradley, J., not voting. _